## Case No. 1,950.

### BROOKS et al. v. DAVIS.

[1 Law & Eq. Rep. 196.] [1]

Circuit Court, D. Massachusetts. Jan. 28, 1876.

BANKRUPTCY—CHATTEL MORTGAGE—COURSE OF BUSINESS—FRAUD.

1. In bankruptcy the presumption of fraud arising out of a transfer made out of the usual and ordinary course of business must be overcome by proof that the purchaser took the proper steps to find out the pecuniary condition of the seller.

2. A temporary loan at exorbitant interest upon the conveyance of the borrower's whole assets is evidently made to defeat the object and impede the operation and effect of the bankrupt act.

[Appeal from the district court of the United States for the district of Massachusetts.]

Bill in equity by the assignees in bankruptcy of Richard H. Atkinson. The bill was brought in the district court. It appeared that Atkinson was a dealer in groceries; that he applied through his attorney, Butler, to the defendant, Davis, for a loan of money upon security of the lease of the store, which he occupied. The defendant visited the shop, but did not consider the security sufficient. Several interviews were had and some negotiations ensued, which resulted in the mortgage by Atkinson to the defendant of all his stock in trade, the assignment of his lease and fixtures and of all his books accounts (which included all the property and assets of Atkinson except one wagon and harness), to secure the payment of a note for $5,425, with interest after maturity at the rate of five per cent. per month. The loan was for thirty days. The sum of $4,500 in cash and a note for $500, payable in one day and grace, was paid by Davis to Atkinson when the mortgage was executed, $425 being deducted for one month's interest in advance on the note for $5,425. The mortgage was recorded before the money was advanced, and when

[1] [Reported by permission.]

the money was paid at the shop in the evening, a keeper was placed in possession by the mortgagee, who was to receive the proceeds of sales and collections. Atkinson was insolvent at the time, and made the mortgage and assignment having full knowledge of his insolvency. It was contended on the part of the defendant that he had no knowledge of the facts at the time the loan was made; and no reasonable cause to believe that Atkinson was insolvent, or that he was acting in contemplation of insolvency. The decree of the district court was for the plaintiffs. [Case not reported.]

Before SHEPLEY, Circuit Judge.

Held: That the presumption of fraud arising from the unusual nature of such a sale and transfer, which were out of the usual and ordinary course of business at the bankrupt, could only be overcome by proof on the part of the party taking such transfer, that he took the proper steps to find out the pecuniary condition of the seller; that he could hardly have failed to know, within the meaning of the bankrupt law, that the object, purpose and effect of such a loan upon such exorbitant rates of interest upon such a conveyance of all the debtor's assets could only be to defeat the object and impede the operation and effect of the bankrupt act. Decree for the plaintiffs.